[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
CT Page 10804
This matter came before the court as an application for a prejudgment remedy in a suit brought by the plaintiff Whitman Breed Abbott Morgan LLP., Attorneys, to recover legal fees from the defendants Thomas Heithaus and Marguerite Heithaus. The court finds that the overriding issue in the case, if it were to be found that a contract between the parties existed and the fees charged were reasonable, is whether the plaintiffs' failure to abide by the Rules of Professional Conduct, Rule 1.5(b) will bar any recovery.
It is undisputed that the plaintiff did not communicate in writing to the defendants, its clients, before or within a reasonable time after commencing the representation, the basis or rate of the fee, or the scope of the matter to be undertaken. This failure violated the provisions of Rule 1.5(b). The parties have not called to the court's attention any appellate decision in Connecticut which would resolve the precise issue presented. The closest appellate case is Silver v. Jacobs,43 Conn. App. 184, 682 A.2d 551 (1996), wherein the Appellate Court held that the failure to enter into a written contingency fee agreement with a client violated C.G.S. § 52-251c and precluded recovery of any fees, either on the basis of express contract or on a quantum meruit theory. (The failure, this court notes, also constitutes a violation of Rule 1.5(c)). The Silver court's rationale was that the use of the word "shall" in the statute connotes that the written agreement requirement is mandatory rather than directory, and that the oral contract violated the statute and public policy and was unenforceable.
In two superior court cases cited by the plaintiff, Presnick v. Bond, Superior Court, judicial district of Waterbury, Docket No. 10596 (July 11, 1994, Sylvester, J.); Kagan and Levine v. Wilson, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV93 0525685 (January 31, 1995, O'Neill, J.), the issue of whether violation of Rule 1.5(b) bars recovery was never discussed or decided, expressly or otherwise, and both cases predate Silver. A third case cited by the plaintiff, DeSarbo, Jensen Reichert P.C. v. Bozzuto's Carting Co.,Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. CV90 0307495 (July 28, 1995, Barnett, J.) predates Silver and held that the word "shall" in Rule 1.5(b) was not mandatory. Because both Connecticut General Statutes 52-251c and Rule 1.5(b) are intended to regulate the attorney/client relationship in order to protect clients from excessive legal fees, it is problematic why, under any analysis, the word "shall" in 52-251c should be read differently than the "shall" in Rule 1.5b. A fourth case cited by the plaintiff, Freccia and Plotkin v.Castro, Superior Court, judicial district of Stamford/Norwalk at CT Page 10805 Stamford, Docket No. CV96 0151637 (September 9, 1996, D'Andrea, J.) found that it would be against public policy to allow the recovery of legal fees where the attorneys have violated Rule 1.5(b). That decision, written by the undersigned, is cited by the plaintiff as espousing its own position because the court awarded the attorneys $1,000 in fees, being the amount the client believed the oral understanding to be. In that case the defendant/client, during the course of the hearing, offered to pay the plaintiff the sum of $1,000. The award was intended to say nothing about the right of the attorney to recover on the basis of any legal or equitable theory.
Two Connecticut Superior Court cases found that the use of the verb "shall" in Rule 1.5(b) carries with it the thrust of the imperative, and declined to award legal fees to attorneys who had failed to abide by the rule. Kantrovitz Brownstein P.C. v. Ruotolo, Superior Court, judicial district of New Haven at New Haven, Docket No. CV95 0371252 (December 20, 1996, Burns, J.T.R.); Landino v. Black Tie Limousine, Inc., Superior Court judicial district of New Haven at New Haven, Docket No. CV98 048538 (January 26, 1999, Burns, J.T.R.).
It must be remembered that this matter involves an application for a prejudgment remedy wherein a hearing is not, and is not intended to be, a full hearing on the merits of the case. Because of the limited nature of the hearing, and because the court is not convinced that under Rule 1.5(b) the plaintiff can recover any attorney's fees from the defendant, the court cannot find probable cause that the plaintiff will obtain a judgment in the amount of the prejudgment remedy sought. See C.G.S. § 52-278d.
At the final hearing the issues of the existence of a contract between the parties, the reasonableness of the fees and the Rule 1.5(b) question can be more fully explored. Indeed, the plaintiffs' argument that it is excepted from the Rule because of the equivalent of a prior representation of the defendant Thomas Heithaus can be further considered as well. The court does not intend any rulings made herein to be considered the law of the case.
The application for prejudgment remedy is denied.
So Ordered.
D'ANDREA, J.